Bob Oberzalek Shannon County Prosecuting Attorney Post Office Box 429 Eminence, Missouri 65466
Dear Mr. Oberzalek:
This opinion letter is in response to your question asking:
 If the Winona and Eminence districts roll back their local salary schedules in a manner equally applicable to all teachers and not to exceed the amount of loss produced by State Minimum Guarantee and to include any possible new revenues from federal, state, or local monies for teachers salaries, will both of these districts still retain eligibility to participate in the Minimum Salary Program outlined in 163.172?
Along with your question you state:
 . . . At present, both schools [have] a base schedule of approximately $15,000 and receive teacher salary supplements as mandated under 163.172.
 Both school districts have been advised by the State Department of Elementary and Secondary Education that there will be a 3% reduction in State Aid (Minimum Guarantee) for the 1991-1992 school year. This reduction will cause Winona R-III to lose ($21,000 approximately) and Eminence R-I to lose ($17,500 approximately) based on a stable enrollment.
 Neither schools have additional revenues from federal, state or local sources to offset this loss, nor any anticipated.
 Each school proposes to roll back their district schedule in a manner equally applicable to all teachers. . . .
The Minimum Guarantee referred to in your question and the accompanying statement of facts is provided for in Section163.031, RSMo 1986, which states in part:
 163.031. Minimum aid — amount, how determined — source of funds, how spent. — 1. School districts which meet the requirements of section 163.021 shall be entitled to a minimum guarantee computed as follows: An amount determined by multiplying the number of eligible pupils by seventy-five percent of the state-expenditure factor, plus an amount determined by multiplying the number of qualified aid to dependent children recipients and orphans by twenty-five percent and multiplying the product thereof by seventy-five percent of the state-expenditure factor.
 2. From the minimum guarantee for each district there shall be deducted an amount derived by multiplying fifty-seven percent of the pupil-weighted levy as adjusted by the district income factor by each one hundred dollars of the equalized assessed valuation of the property in the district the preceding year. Also, there shall be deducted fifty-seven percent of the amount received for school purposes from fines, forfeitures, escheats and intangible taxes.
 3. To the amount calculated in subsections 1 and 2 of this section shall be added an amount to which a district is eligible under the guaranteed-tax-base provision which shall be calculated as follows: Multiply the difference between the guaranteed tax base less the equalized assessed valuation per eligible pupil of the school district for the last year divided by one hundred times the number of eligible pupils, times the difference obtained by subtracting fifty-seven percent of the equalized pupil-weighted levy as adjusted by the district income factor from the equalized operating levy for the district.
 4. The sum determined in subsection 3 of this section shall be multiplied by the cost of education index for each school district as determined by the department of elementary and secondary education. The amount of money allocated pursuant to the cost of education index in any subsequent year will equal the ratio existing between the moneys allocated pursuant to the cost of education index and the total amount of moneys as if distributed pursuant to this section in the first year the cost of education index is applied.
 5. No district shall receive annually an amount per eligible pupil which is greater than the amount received the previous year plus twenty-five percent of the difference between the amount currently apportioned per eligible pupil under subsections 1, 2, 3, and 4 and the amount per eligible pupil received the previous year. However, no district shall receive an amount greater than is provided by subsections 1, 2, 3, and 4 of this section. If the general assembly appropriates more or less funds than is necessary to meet the requirements of this section, the twenty-five percent limit shall be adjusted to allow for the distribution of available funds. The amount received per eligible pupil for the previous year shall be determined by dividing the amount received the previous year (1) by the number of eligible pupils on which the aid was based or (2) by the actual number of eligible pupils for the preceding school year.
* * *
 8. A school district shall spend for teachers' salaries each year all moneys received pursuant to section 149.015, RSMo, an amount equal to at least seventy-five percent of one-half of the funds received from the school district trust fund distributed pursuant to section 163.087
during the preceding school year, at least seventy-five percent of the state school funds received under subsections 1, 2, 3, and 4 of this section and under section 162.975, RSMo, and as much of the revenue produced by local tax levies as was spent per eligible pupil for teachers' salaries the previous year. In the event a district fails to comply with this provision, the amount by which the district fails to spend funds as provided herein shall be deducted from the district's apportionment for the following year, provided that the state board of education may exempt a school district from this provision if the state board of education determines that circumstances warrant such exemption. [Emphasis added.]
Section 163.172, RSMo Supp. 1990, provides in part:
 163.172. Teacher's minimum salary — review and reports to general assembly — state aid, when — tax levy, rate authorized — failure of district to meet requirements, effect — salary defined. — 1. The department of elementary and secondary education shall develop and submit to the appropriations committees a plan to increase the public school teachers' salaries in Missouri. Beginning with fiscal year 1987, the general assembly shall make an annual appropriation to the excellence in education fund established under section 160.268, RSMo, for the purpose of increasing the state's minimum salary for public school teachers. Such plan shall be based upon data provided and shall provide that in school year 1986-87 the minimum teacher's salary shall be fifteen thousand dollars, in school year 1987-88 the minimum teacher's salary shall be sixteen thousand dollars, in school year 1988-89 the minimum teacher's salary shall be seventeen thousand dollars, and in school year 1989-90 the minimum teacher's salary shall be eighteen thousand dollars.
 2. Beginning with the budget requests for fiscal year 1991, the commissioner of education shall present to the appropriate committees of the general assembly information on the average Missouri teacher's salary, regional average salary data, national average salary data, and a plan for increasing the teachers' salaries in Missouri based upon such data.
 3. Any school district which has personnel whose salary is determined to be below a level established in accordance with the plan for increasing teachers' salaries established under this section and who has met the requirements of this section and any subsequent guidelines established by the state board of education, with the advice of the commissioner of education, shall receive state aid for the sole purpose of increasing such salaries. Such guidelines shall recognize that the reassessment of real property and the applicable reduction or revision of property tax levies pursuant to section 137.073, RSMo, may cause some school districts to levy a tax below one dollar and twenty-five cents for each hundred dollars of assessed valuation. Such school districts shall not be penalized under the guidelines for this program during the school years 1986-87 and 1987-88.
 4. Each participating school district shall certify to the commissioner of education the names of the duly qualified teachers in the district who are entitled to a state-paid minimum salary supplement under this section. The commissioner shall, in accordance with chapter 33, RSMo, execute payment to those districts for salary supplements to those designated teachers. Any teacher receiving a minimum salary supplement under this section shall continue to receive the district base pay to which he would be entitled if he were not receiving the minimum salary supplement from the state. Such teacher's salary shall continue to show appropriate annual district salary increases as provided under subsection 5 of this section.
 5. The department of elementary and secondary education shall review and determine the local effort ability and performance of each school district. In order to receive funds under this section, a school district which is not subject to section 162.920, RSMo, must have a total levy for operating purposes which is in excess of the amount allowed in section 11(b) of article X of the Missouri Constitution; and a school district which is subject to section 162.920, RSMo, must have a total levy for operating purposes which is in excess of twenty-five cents on each hundred dollars of assessed valuation. Each school district shall maintain a regular salary schedule, which shall be funded by revenues other than those provided in this section, and which shall show appropriate increases in funding due to revenues received from all other sources. If a school district fails to meet requirements of this subsection, such district shall not receive any revenues under this section until the failures have been corrected. [Emphasis added.]
* * *
Section 168.110, RSMo Supp. 1990, provides:
 168.110. Contract modification, when — what provisions. — The board of education of a school district may modify an indefinite contract annually on or before the fifteenth day of May in the following particulars:
 (1) Determination of the date of beginning and length of the next school year;
 (2) Fixing the amount of annual compensation for the following school year as provided by the salary schedule adopted by the board of education applicable to all teachers.
 The modifications shall be effective at the beginning of the next school year. All teachers affected by the modification shall be furnished written copies of the modifications within thirty days after their adoption by the board of education.
In interpreting statutes, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). Section 163.172.4, RSMo Supp. 1990, provides in part: "Any teacher receiving a minimum salary supplement under this section shall continue to receive the district base pay to which he would be entitled if he were not receiving the minimum salary supplement from the state." Section 163.172.5, RSMo Supp. 1990, provides in part: "Each school district shall maintain a regular salary schedule, which shall be funded by revenues other than those provided in this section, and which shall show appropriate increases in funding due to revenues received from all other sources."
Considering these provisions together, we conclude that appropriate increases in the school district's contribution to teachers' salaries must be made only when there have been increases in revenues received from other sources. Therefore, when there has been no such increase, there is no requirement in Section 163.172.5, RSMo Supp. 1990, that the district's salary schedule show an increase.
It does not follow, however, that Section 163.172.5, RSMo Supp. 1990, authorizes a salary schedule to show decreases in funding due to a decline in revenues from all other sources. Section 163.172.4, RSMo Supp. 1990, requires a "district base pay" while Section 163.172.5, RSMo Supp. 1990, requires each school district to "maintain a regular salary schedule." Based on the language used, we find that the legislature intended maintenance of a regular salary schedule to be a requirement for eligibility for a school district to receive a minimum salary supplement. There is no authority for a school district to decrease its "district base pay." Such a decrease would constitute a failure to meet the requirements of Section163.172, RSMo Supp. 1990, and would render a school district ineligible to participate in the minimum salary program.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General